# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD E. SEELY,

 Plaintiff,

vs.

LISA WALSH, et al.,

 Defendants.

Case No. 3:13-cv-00152-RCJ-WGC

**ORDER**

 Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed <u>in forma pauperis</u> (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court will defer ruling on the application. The court has reviewed the complaint, and plaintiff will need to submit an amended complaint.

 When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam).

 Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that on February 24, 2012, he received a notice that minors could no longer visit with him because of his criminal history. He filed grievances, arguing that the regulation at issue applies only to people arrested for or convicted of sexual offenses against minors and that he has never been arrested for, let alone convicted of, such an offense. Defendants rejected his grievances because he did not first discuss the matter with his caseworker, something that plaintiff disputes. Plaintiff then commenced this action. He claims that defendants, all of whom handled his grievances, are deliberately indifferent to his safety because his institutional file now has a notation that he is a sexual offender.

Plaintiff has misinterpreted the prison regulation. Pursuant to Administrative Regulation ("AR") 719, the Nevada Department of Corrections has published a visitation manual. The manual is available on-line as AR 719.1.[1] It states, in relevant part:

> Inmates who have a current or prior conviction, or arrest for a sexual crime involving a minor child <u>or other violence/abuse of a minor child</u> are ineligible to visit with the victim of their crime while that individual is still a minor unless so ordered by the court. They shall be ineligible to visit with any other minor child without specific approval of the Director.

AR 719.1, at 4 (emphasis added). The notice that plaintiff received quoted the above regulation and told him that he was ineligible to visit with minors because of his criminal history. Plaintiff himself has noted the emphasized portion of the regulation, but he has argued erroneously that it operates in conjunction with the requirement that an inmate be arrested for, or convicted of, a sexual offense

---

[1] http://www.doc.nv.gov/?q=node/172 (report generated October 9, 2013).

1 against a minor. Actually, the regulation is disjunctive. If an inmate has been arrested for, or
2 convicted of, either a sexual crime involving a minor child, or a violent crime or abuse of a minor
3 child, or both, then he is ineligible to receive visits from minor children.

4      Consequently, plaintiff's allegation that he has no criminal history of sexual crimes
5 involving minor children is insufficient. Plaintiff has attached to his complaint an amended
6 judgment of conviction and portions of a pre-sentence investigation report from his most recent
7 criminal case. These documents show that plaintiff has an extensive history of violent crimes. The
8 documents do not show the ages of the victims. Plaintiff needs to allege that none of the victims in
9 any of his criminal cases were under the age of 18 at the time he committed the crimes against them.

10      Plaintiff also has not alleged facts showing that the defendants violated the Eighth
11 Amendment.

> Establishing a violation of the Eighth Amendment requires a two-part showing. First, an inmate must objectively show that he was deprived of something "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. Id. (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

17 Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (internal citations modified). Plaintiff has not
18 sued the correctional officer who gave him the AR 719 notice. Plaintiff has not alleged whether he
19 received the notice in a way that broadcast its contents to other inmates. Plaintiff's allegations
20 against the named defendants indicates that he wants any notation that he is a sexual offender
21 removed from his institutional file. His institutional file is confidential, and other inmates do not
22 have access to it, according to AR 569. Absent plausible allegations that the security of plaintiff's
23 institutional file has been compromised, plaintiff has not established either that the defendants have
24 caused a sufficiently serious deprivation or that the defendants acted with deliberate indifference to
25 his safety.

26      Plaintiff has submitted a motion for appointment of counsel.

27      There is no constitutional right to appointed counsel in a § 1983 action. However, in
28 "exceptional circumstances," a district court may appoint counsel for indigent civil litigants
pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances

1  exist, a district court must evaluate both the likelihood of success on the merits and the
2  ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.
3  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted),
4  withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc).  The court finds that
5  exceptional circumstances do not exist in this case, and the court denies the motion.
6        Plaintiff has submitted a motion to extend prison copywork limit.  The court sees no need at
7  the moment to extend the limitations on indigent photocopying, given that plaintiff first needs to
8  correct defects with the complaint.
9        Petitioner has submitted a motion for a screening order (#3), which this order makes moot.
10        IT IS THEREFORE ORDERED that the clerk of the court file the motion for appointment
11  of counsel.
12        IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.
13        IT IS FURTHER ORDERED that the clerk of the court file the motion to extend prison
14  copywork limit.
15        IT IS FURTHER ORDERED that the motion to extend prison copywork limit is **DENIED**.
16        IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.
17        IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim
18  upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil rights
19  complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is
20  entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.
21  Failure to comply with this order will result in the dismissal of this action.
22        IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such
23  by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42
24  U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:13-cv-00152-
25  RCJ-WGC, above the word "AMENDED."
26  ///
27  ///
28  ///

IT IS FURTHER ORDERED that plaintiff's motion for a screening order (#3) is **DENIED** as moot.

Dated: This 22nd day of October, 2013.

```
                                        _____
                                        ROBERT C. JONES
                                        Chief United States District Judge
```